# In the United States Court of Federal Claims

No. 20-728T

(E-Filed: February 15, 2023)

| | |
|---|---|
| VENSURE HR, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>　　　　　　　Defendant. | Motion to Dismiss; RCFC 12(b)(6); 26 U.S.C. § 7422(a); Employment Tax-Related Penalties Refund Claim; Duly Filed; Form 843; Signature and Verification; Waiver; Motion for Sanctions; Attorneys' Fees; 28 U.S.C. § 1927; 26 U.S.C. § 7430. |

Jason M. Silver, Scottsdale, AZ, for plaintiff.

Jennifer Dover Spriggs, Trial Attorney, with whom were David A. Hubbert, Deputy Assistant Attorney General, David I. Pincus, Chief, G. Robson Stewart and Mary M. Abate, Assistant Chiefs, Tax Division, Court of Federal Claims Section, Department of Justice, Washington, DC, for defendant.  G. Robson Stewart and Mary M. Abate, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

　　　Before the court is defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).  See ECF No. 64.  Also before the court is plaintiff's August 26, 2022 motion for sanctions.  See ECF No. 66.  In evaluating these motions, the court considered:  (1) plaintiff's complaint, ECF No. 1; (2) defendant's motion to dismiss, ECF No. 64; (3) plaintiff's response to the motion dismiss, ECF No. 65; (4) defendant's reply to the motion to dismiss, ECF No. 67; (5) plaintiff's sur-reply to the motion to dismiss, ECF No. 71; (6) defendant's response to plaintiff's sur-reply in support of its motion to

dismiss,[1] ECF No. 75; (7) plaintiff's motion for sanctions,[2] ECF No. 66; (8) defendant's response to the motion for sanctions, ECF No. 68; and (9) plaintiff's reply to the motion for sanctions, ECF No. 74.  The motions are fully briefed and ripe for decision.  The court deems oral argument unnecessary.

The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion.  For the following reasons, defendant's motion to dismiss is **GRANTED in part**, and **DENIED in part**, and plaintiff's motion for sanctions is **DENIED**.

I.   Background

   A.   Factual Background

Plaintiff filed its complaint in this court, seeking a refund of penalties assessed under the Internal Revenue Code, on June 17, 2020.  See ECF No. 1.  In the complaint, plaintiff states that it reports its employment tax liabilities quarterly to the Internal Revenue Service (IRS) by filing Forms 941, "Employer's Quarterly Federal Tax Return." Id. at 4.  Plaintiff alleges that in the second quarter of 2014, plaintiff overreported and overpaid its Form 941 employment taxes by including in its calculation the liabilities of a client with which plaintiff did not "assume an Employer-Employee relationship," but instead agreed only to provide services related to "administrative payroll accounting, tax reporting and workers compensation insurance."  Id. at 4-5, 9.  Plaintiff alleges that "[i]n total, [plaintiff] paid to the IRS almost $4 million of its client's Form 941 liabilities in the second quarter of tax year 2014."  Id. at 16.  According to plaintiff, the client breached its

---

[1]   By order dated September 28, 2022, the court directed defendant to file a "response to plaintiff's sur-reply in support of its motion to dismiss." ECF No. 70 at 1.  Defendant's October 5, 2022 response to plaintiff's sur-reply, however, is docketed in the court's case management/electronic case filing (CM/ECF) system as a "sur-reply" and titled as a "sur-sur-reply."  See ECF No. 75.  For clarity of the record, the court will deem defendant's October 5, 2022 brief, ECF No. 75, as defendant's response to plaintiff's sur-reply and will direct the clerk's office to reflect this change on the docket in this case.

[2]   Plaintiff's motion for sanctions was docketed using the "motion for attorneys' fees" event in the court's CM/ECF system.  See ECF No. 66.  Upon quality control review, the clerk's office corrected this error by editing the filing event as a "motion for sanctions pursuant to Rule 11." Id. (docket text modified on August 29, 2022 by the clerk to correct docket to properly reflect filing).  Plaintiff does not rely on Rule 11 as a basis for its motion for sanctions, nor does the court in this opinion.  Thus, for clarity of the record, the court directed the clerk's office to delete the phrase "pursuant to Rule 11" from the docket text associated with plaintiff's motion for sanctions.  See ECF No. 66; ECF No. 68; ECF No. 74 (docket text modified on February 10, 2023, to remove reference that filing was made "pursuant to Rule 11").

contract with plaintiff by failing to remit to plaintiff the taxes that plaintiff had paid on the client's behalf.  See id. at 9, 16.

On October 14, 2014, and June 2, 2015, plaintiff filed refund claims with the IRS for the allegedly overpaid taxes using IRS Form 941X, "Adjusted Employer's Quarterly Federal Tax Return."  Id. at 3, 17.  On December 15, 2016, the IRS agreed to refund only "a fraction of the overpayment," id. at 16, disallowing approximately $3 million of the claimed refund, id. at 17.

Plaintiff alleges that this overpayment of employment taxes in the second quarter of 2014 led to a "financial crisis," id. at 16, that caused "failure to pay" and "failure to deposit" penalties to be assessed against plaintiff in later tax periods under 26 U.S.C. §§ 6651(a)(2)[3] and 6656(a),[4] ECF No. 1 at 1, 15, 18.  Specifically, the IRS assessed and collected "failure to pay" and "failure to deposit" penalties from plaintiff related to its Form 941 employment taxes for five quarterly periods ending in September of 2014; December of 2014; March of 2015; June of 2015; and September of 2015.  See id. at 1, 18.  The IRS also assessed and collected these penalties from plaintiff related to its IRS Form 940, "Employer's Annual Federal Unemployment Tax Return," for the 2014 tax year.  See id.  Altogether, plaintiff paid $1,567,991.31 in penalties.  Id.

On March 11, 2016, plaintiff filed six claims for refund of these penalties (one claim for each of the six tax periods for which penalties were assessed) using IRS Form 843, "Claim for Refund and Request for Abatement."  Id. at 2; ECF No. 64-2 at 75-80 (plaintiff's six Forms 843).  Plaintiff did not sign the Forms 843 using the authorized signature of a corporate officer, as required by the form.  See ECF No. 64-2 at 75-80.  Instead, plaintiff's attorney, Chris J. Sheldon, signed the forms on the line designated for the taxpayer's sworn signature as well as on the line designated for a paid preparer's signature.  See id.  On two of the six Forms 843, plaintiff's attorney included the letters "POA," for "power of attorney," when he signed on the line designated for the taxpayer.  Id. at 75, 76.

Plaintiff did not attach power of attorney forms to the six refund claims.  Plaintiff

---

[3]   Section 6651(a)(2) of Title 26 provides for a penalty for "failure . . . to pay the amount shown as tax on" certain tax returns "on or before the date prescribed for payment of such tax . . . unless it is shown that such failure is due to reasonable cause."

[4]   Section 6656(a) of Title 26 provides for a penalty for "failure by any person to deposit . . . on the date prescribed therefor any amount of tax imposed . . . unless it is shown that such failure is due to reasonable cause."

had, however, earlier submitted to the IRS's Central Authorization File (CAF) system[5] two IRS Forms 2848, "Power of Attorney and Declaration of Representative," dated June 2, 2015, and July 9, 2015.  ECF No. 65-3 at 2-3 (June 2, 2015 Form 2848); ECF No. 65-4 at 2-3 (July 9, 2015 Form 2848).

On June 19, 2018, the IRS sent to plaintiff, through Mr. Sheldon, two letters (one letter for the penalties associated with the Forms 941, the other for penalties associated with Form 940) denying plaintiff's refund claims.  ECF No. 1 at 18; ECF No. 64-2 at 106-12.  The letters informed plaintiff that the claims were disallowed because plaintiff did not "meet the reasonable cause exception" for an abatement or refund of penalties.  ECF No. 64-2 at 107, 111.  The letters also disallowed the claims because "[plaintiff's] Form[s] 843 did not specify a dollar amount" but instead stated "100% of assessed penalties."  Id.  The letters informed Mr. Sheldon that the IRS was sending the letters to him "under the provisions of your power of attorney or other authorization we have on file."  Id. at 106, 109.

  B.  Procedural History

On June 17, 2020, plaintiff filed the complaint in this case, seeking a refund of the $1,567,991.31 for the "failure to pay" and "failure to deposit" penalties.  ECF No. 1 at 1, 18.  Plaintiff did not attach its claims for refund to its complaint, as required by RCFC 9(m).  After several unopposed extensions of time, defendant filed its answer to the complaint on December 23, 2020.  See ECF No. 11.

On February 17, 2021, plaintiff filed its first motion for sanctions, arguing that defendant's answer violated RCFC 8 and 11.  See ECF No. 14 at 6.  On May 6, 2021, the court denied the motion for sanctions.  See ECF No. 33 at 3, 4.

On September 30, 2021, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), arguing that plaintiff had failed to "duly file" its refund claims before bringing this lawsuit as required by 26 U.S.C. § 7422(a).  See ECF No. 38 at 12-18.  In its February 11, 2022 reply in support of this motion to dismiss, however, defendant noted that the asserted grounds for dismissal may have to be changed based on intervening caselaw.  See ECF No. 50 at 3-4.  In Brown v. United States, 22 F.4th 1008, 1012 (Fed. Cir. 2022), the United States Court of Appeals for the Federal Circuit concluded that "the 'duly filed' requirement in § 7422(a) is more akin to a claims-processing rule than a jurisdictional requirement," and affirmed the lower court's

---

[5]   The CAF "is a computerized system of records maintained by the IRS which lists authorization information from" power of attorney forms and other forms.  ECF No. 64 at 17 (citing 26 C.F.R. § 601.506(d)).

dismissal based on the taxpayers' failure to "duly file" their refund claims under RCFC 12(b)(6) rather than RCFC 12(b)(1). Defendant thus argued in its reply that "[i]n light of Brown, the [c]ourt may convert defendant's motion to dismiss the complaint in this action, filed under RCFC 12(b)(1), to a motion to dismiss under RCFC 12(b)(6)." ECF No. 50 at 4.

On March 11, 2022, the court denied defendant's RCFC 12(b)(1) motion to dismiss because the "basis for defendant's motion to dismiss has evolved during the course of briefing." ECF No. 53 at 2. The court directed the parties to submit a briefing schedule for a new motion to dismiss. See id.

On May 6, 2022, defendant filed a second motion to dismiss, now for failure to state a claim upon which relief can be granted under RCFC 12(b)(6). See ECF No. 56. On June 27, 2022, however, defendant filed a "Motion to Renew Defendant's 12(b)(1) Motion," combined with its reply in support of this second motion to dismiss. See ECF No. 62. The combined reply and motion to renew argued, in part, that defendant now believed that "the Brown decision is not binding on this [c]ourt to the extent that the [Brown] panel opinion deviates from existing Federal Circuit and [United States] Supreme Court precedent." ECF No. 62 at 2. For this reason, defendant moved to "renew[ ] its original motion to dismiss the complaint for lack of subject matter jurisdiction." Id.

On June 28, 2022, the court denied defendant's second motion to dismiss and defendant's motion to renew, directing defendant to file a third motion to dismiss and to "make a complete and cohesive presentation of its arguments" in that motion. ECF No. 63 at 2.

On August 26, 2022, plaintiff filed its second motion for sanctions. See ECF No. 66. Plaintiff argues that it is entitled to attorneys' fees and costs because plaintiff incurred "substantial expenses" related to defendant's "failure to prosecute either" of its first two motions to dismiss "to completion." Id. at 1. The motion for sanctions was fully briefed on October 3, 2022, ECF No. 74 (reply to the motion for sanctions), and is now pending before the court.

On July 29, 2022, defendant filed its third motion to dismiss the complaint pursuant to RCFC 12(b)(1). See ECF No. 64 at 1. Briefing was completed on the third motion to dismiss on October 5, 2022, ECF No. 75 (reply to defendant's third motion to dismiss), and this motion is now ripe for decision.

Defendant again argues in this third motion to dismiss that plaintiff failed to "duly file" its refund claims as required by 26 U.S.C. § 7422(a), but that, contrary to the Federal Circuit's decision in Brown, the court should dismiss the complaint for lack of

5

subject matter jurisdiction under RCFC 12(b)(1).  ECF No. 64 at 27-32.  Defendant further contends, in a footnote on the last page of its motion, that if the court determines that "Brown is controlling," the court should dismiss plaintiff's complaint with prejudice "for failure to state a claim upon which relief can be granted."  Id. at 33 n.18.  The court understands defendant to be arguing that, for the same reasons defendant sets forth in support of its motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court may dismiss plaintiff's complaint under RCFC 12(b)(6).  In its response, plaintiff addresses defendant's arguments and contends that Brown is controlling.  See generally ECF No. 65.  As discussed in more detail below, the court finds that Brown is controlling, and therefore evaluates defendant's motion to dismiss under RCFC 12(b)(6).

II.     Legal Standards

     A.     Motion to Dismiss Under RCFC 12(b)(6)

When considering a motion to dismiss brought under RCFC 12(b)(6), the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff."  Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).  It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This requires "more than a sheer possibility that a defendant has acted unlawfully," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Id.; see also Am. Bankers Ass'n v. United States, 932 F.3d 1375, 1380 (Fed. Cir. 2019) (the court is "not required to accept the asserted legal conclusions" in a plaintiff's complaint when assessing a motion to dismiss).

In evaluating a motion to dismiss for failure to state a claim, the court "primarily consider[s] the allegations in the complaint," but is "not limited to the four corners of the complaint," and may also look to the "matters incorporated by reference or integral to the claim." [6]  Dimare Fresh, Inc. v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015)

---

[6]     In the case at bar, plaintiff did not attach its refund claims or any other tax forms, instructions, or correspondence with the IRS to its complaint.  Rather, both plaintiff and defendant attach these materials to their motion to dismiss briefing.  Because all of the tax records, forms, and instructions relied upon by the court in this opinion are integral to plaintiff's claims or are matters of public record, the court's consideration of these materials does not convert defendant's motion to dismiss into one for summary judgment.  See Dimare Fresh, Inc.

(citations omitted); see also Terry v. United States, 103 Fed. Cl. 645, 652 (2012) (finding that the court may consider the allegations contained in the complaint, exhibits attached to the complaint, public records of which the court may take judicial notice, and documents appended to the motion to dismiss that are central to plaintiff's complaint).

      B.      Motion for Sanctions Under 28 U.S.C. § 1927

Plaintiff has also moved for sanctions against the United States in the form of attorneys' fees under 28 U.S.C. § 1927. See generally ECF No. 66. Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This court and others have held that § 1927 "is not a waiver of sovereign immunity." Cockerham v. United States, 140 Fed. Cl. 121, 127 (2018) (citing cases). Ultimately, "[t]he party seeking the sanction bears the burden of establishing that the prerequisites to the imposition of sanctions have been satisfied." K-Con Bldg. Sys., Inc. v. United States, 106 Fed. Cl. 652, 664 (2012) (in the context of spoliation sanctions).

III.     Analysis

      A.      The Court Evaluates Defendant's Motion to Dismiss Pursuant to RCFC 12(b)(6) Under Brown v. United States

Defendant's motion to dismiss centers on whether plaintiff failed to "duly file" its refund claims prior to bringing this lawsuit, as required by 26 U.S.C. § 7422(a).[7] ECF No. 64 at 11. As an initial matter, the parties dispute whether the court must evaluate defendant's motion as a motion to dismiss for lack of subject matter jurisdiction under

---

v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015); Terry v. United States, 103 Fed. Cl. 645, 652 (2012).

[7]    To bring a refund suit in this court, plaintiff must also demonstrate that it has made a full payment of its penalties and that it has timely filed a complaint in this court. See Diversified Grp. Inc. v. United States, 841 F.3d 975, 981 (Fed. Cir. 2016); RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461-63 (Fed. Cir. 1998); 26 U.S.C. § 6532(a)(1). The parties agree that plaintiff has fully paid the penalties owed. See ECF No. 1 at 1; ECF No. 64 at 15 (stating that plaintiff's accounts have a "zero balance for each of the periods in issue"); ECF No. 65 at 10 (stating that "the penalties have already been paid in this case" (emphasis removed)). Plaintiff's June 17, 2020 complaint in this court is timely because it was filed within two years of the IRS's June 19, 2018 disallowance of plaintiff's administrative refund claims. See 26 U.S.C. § 6532(a)(1); ECF No. 1 at 2. Defendant does not dispute the timeliness of the complaint. See generally ECF No. 11 (answer); ECF No. 64 (motion to dismiss).

RCFC 12(b)(1) or as a motion to dismiss for failure to state a claim under RCFC 12(b)(6), in light of the Federal Circuit's decision in Brown.  See ECF No. 64 at 27-32; ECF No. 65 at 24-25.

In Brown, 22 F.4th at 1010, a panel of the Federal Circuit affirmed this court's dismissal of a refund suit where the underlying refund claims were not properly signed and therefore not "duly filed" under 26 U.S.C. § 7422(a).  This court had dismissed the refund suit pursuant to RCFC 12(b)(1) because, under prior Federal Circuit precedent, the "duly filed" requirement of § 7422(a) was a jurisdictional prerequisite to bringing a refund claim in this court.  Brown v. United States, 151 Fed. Cl. 530, 533-34 (2020) (citing Waltner v. United States, 679 F.3d 1329, 1333 (Fed. Cir. 2012)).  The Brown panel, however, held that the dismissal should have been "pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted rather than RCFC 12(b)(1) for lack of subject matter jurisdiction."  Brown, 22 F.4th at 1012.  The panel acknowledged that previous Federal Circuit decisions have held that § 7422(a)'s requirements are jurisdictional.  Id. at 1011.  But the Brown panel went on to hold that this "jurisdictional characterization cannot be reconciled with the Supreme Court's [2014] decision in Lexmark International, Inc. v. Static Control Components, Inc., where the Supreme Court clarified that 'statutory standing' defects . . . do not implicate a court's subject matter jurisdiction."  Brown, 22 F.4th at 1011 (citing Lexmark, 572 U.S. 118, 128 & n.4 (2014)).  Applying Lexmark, the Brown panel "conclude[d] that the 'duly filed' requirement in § 7422(a) is more akin to a claims-processing rule than a jurisdictional requirement," and that dismissal based on a failure to "duly file" a refund claim should be pursuant to RCFC 12(b)(6).  Brown, 22 F.4th at 1011.

In this case, defendant contends that the Brown decision is not binding on this court because the Brown panel improperly overruled prior Federal Circuit decisions holding that the requirements of § 7422(a) are jurisdictional.  See ECF No. 64 at 27-32.  According to defendant, these prior decisions may only be overruled by an en banc court or by supervening statutory or Supreme Court authority that expressly addresses the issue.  See id. at 31.  Because "[t]here has been no statutory change to § 7422(a)" and "[n]either the Supreme Court nor the Federal Circuit en banc has held" that § 7422(a) is not jurisdictional, defendant argues that Brown is not controlling.  Id.  Therefore, defendant contends, § 7422(a)'s "duly filed" requirement remains jurisdictional and its motion to dismiss is properly brought pursuant to RCFC 12(b)(1).  Id. at 32.  Defendant does, however, alternatively argue that its motion to dismiss may be granted pursuant to RCFC 12(b)(6).  See id. at 33 n.18.

Plaintiff argues that the Federal Circuit's decision in Brown is controlling, and that, under Brown, the "duly filed" requirement is not jurisdictional and must be considered under RCFC 12(b)(6).  ECF No. 65 at 24.

8

The court agrees with plaintiff that Brown is controlling. The Federal Circuit "applies the rule that earlier decisions prevail unless overruled by the court en banc, or by other controlling authority such as intervening statutory change or Supreme Court decision." Tex. Am. Oil Corp. v. U.S. Dep't of Energy, 44 F.3d 1557, 1561 (Fed. Cir. 1995). Under this rule, "supervening Supreme Court authority is an established basis for treating an earlier panel opinion as no longer binding." Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC, 927 F.3d 1292, 1305 (Fed. Cir. 2019). In accordance with this rule, the Federal Circuit in Brown relied on the Supreme Court's Lexmark decision to treat earlier Federal Circuit decisions regarding the jurisdictional nature of the "duly filed" requirement as no longer binding. See Brown, 22 F.4th at 1011. The panel's reliance on Lexmark is a permissible basis on which to overrule prior panel opinions. See Elbit, 927 F.3d at 1305.

The court rejects defendant's arguments to the contrary. Defendant recognizes that supervening Supreme Court decisions, such as Lexmark, serve as grounds for overruling prior precedent. See ECF No. 64 at 31. Nevertheless, defendant argues that because Lexmark does not expressly address § 7422(a)'s jurisdictional nature, the Brown panel's reliance on Lexmark is insufficient. See id. at 31 & n.17. The Brown panel, however, has already determined that the Supreme Court's decision in Lexmark sufficiently contradicts prior Federal Circuit precedent regarding the jurisdictional nature of the "duly filed" requirement, holding that, under Lexmark, the "requirement is more akin to a claims-processing rule" and should be considered under RCFC 12(b)(6). Brown, 22 F.4th at 1011. Regardless of defendant's disagreement with this reasoning, the court is bound by that holding. See Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005) (holding that "the Court of Federal Claims may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit").

The court therefore in its discretion converts defendant's jurisdictional motion into a motion to dismiss pursuant to RCFC 12(b)(6), despite the fact that defendant did not move on this alternative ground in the body of its motion and docketed its motion as only a motion to dismiss pursuant to RCFC 12(b)(1).[8] See generally ECF No. 64. Both parties have had the opportunity to be heard regarding defendant's alternative request for dismissal under RCFC 12(b)(6) and converting the motion will not prejudice either party. See Brown, 22 F.4th at 1011-12 (affirming dismissal for failure to meet § 7422(a)'s "duly filed" requirement under 12(b)(6) rather than 12(b)(1)); Roberson v. United States, 115 Fed. Cl. 234, 240-41 (2014) ("In its discretion, the court may convert defendant's motion

---

[8] Another judge of this court has, in light of Brown, since vacated a jurisdictional dismissal based on the "duly filed" requirement and dismissed the complaint sua sponte under RCFC 12(b)(6). See Ruebsamen v. United States, No. 19-1834, 2022 WL 2315722, at *3-4 (Fed. Cl. Apr. 15, 2022).

9

into a RCFC 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted" so long as both parties had the opportunity to be heard regarding dismissal on this ground); Peninsula Grp. Cap. Corp. v. United States, 93 Fed. Cl. 720, 727 (2010) (holding that although defendant had "only brought a motion to dismiss for lack of jurisdiction," the court may "construe[ ] [the motion] as one for failure to state a claim upon which relief can be granted," where the "critical issue . . . remains the same and has been fully briefed by the parties"). Accordingly, applying Brown, the court will evaluate defendant's motion to dismiss based on plaintiff's failure to "duly file" its refund claims under RCFC 12(b)(6).[9]

      B.      The Court Dismisses Plaintiff's Complaint Under RCFC 12(b)(6)

            1.      Requirements for Bringing a Refund Claim

To maintain a refund suit, a taxpayer "must comply with tax refund procedures set forth in the [Internal Revenue] Code." United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008). Under 26 U.S.C. § 7422(a):

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been <u>duly filed</u> with the Secretary, according to the provisions of law in that regard, <u>and the regulations of the Secretary established in pursuance thereof</u>.

(emphasis added).

Section 301.6402-2 of Title 26 of the Code of Federal Regulations governs claims for refund under 26 U.S.C. § 7422(a). See Brown, 22 F.4th at 1012; Dixon v. United States, 147 Fed. Cl. 469, 474 (2020) (referring to 26 C.F.R. § 301.6402-2 as the "governing regulation"). For a refund claim to be "duly filed," this regulation requires that the claim's "statement of the grounds and facts <u>must be verified by a written declaration that is made under the penalties of perjury</u>. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b)(1) (emphasis added); see Brown, 22 F.4th at 1012.

---

[9] As discussed below, the court concludes in this opinion that plaintiff has failed to "duly file" its refund claims under § 7422(a). Regardless of whether this error is jurisdictional or fails to comply with a claims-processing requirement, the result is the same, and plaintiff's complaint must be dismissed.

In other words, a taxpayer must sign a refund claim under penalty of perjury for that refund claim to be valid. See Brown, 22 F.4th at 1012 (referring to the "tax-payer signature requirement" in 26 C.F.R. § 301.6402-2(b)(1)); see also Dixon, 147 Fed. Cl. at 476 (holding that "the regulation [26 C.F.R. § 301.6402-2] is clear" that a taxpayer must "submit a claim on a specific form and in accordance with that form's requirements" and that the "form must be signed under penalties of perjury"); Gregory v. United States, 149 Fed. Cl. 719, 723 (2020) (noting that to comply with 26 C.F.R. § 301.6402-2(b) a claim for refund must be "signed by the taxpayers"). This requirement is important because it "enables the IRS to enforce directly against a rogue taxpayer." Dixon, 147 Fed. Cl. at 476 n.5; see also Hall v. United States, 148 Fed. Cl. 371, 377 (2020) (noting that the signature requirement is not "trivial . . . , as '[t]he perjury charge based on a false return has been deemed one of the principal sanctions available to assure that honest returns are filed'" (quoting Borgeson v. United States, 757 F.2d 1071, 1073 (10th Cir. 1985)).

As the Federal Circuit in Brown has explained, however, the "tax-payer signature requirement emphasized above may be excepted 'when a legal representative certifies the claim and attaches evidence of a valid power of attorney.'" 22 F.4th at 1012 (quoting Gregory, 149 Fed. Cl. at 723). Specifically, under 26 C.F.R. § 301.6402-2(e), "[a] claim [for refund] may be executed by an agent of the person assessed, but in such case a power of attorney must accompany the claim." Under the regulations governing powers of attorney, "[a] properly completed [IRS] [F]orm 2848 satisfies the requirements for . . . a power of attorney." 26 C.F.R. § 601.503(b).

In addition, 26 C.F.R. § 301.6402-2(a)(2) states that "if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site." As relevant to this case, 26 C.F.R. § 301.6402-2(c) provides that "[a]ll claims by taxpayers for the refund of . . . penalties . . . that are not otherwise provided for"—like the penalties at issue here—"must be made on Form 843, 'Claim for Refund and Request for Abatement.'" The instructions to Form 843 explain that an authorized representative can file Form 843 on a taxpayer's behalf, but "the original or copy of Form 2848, Power of Attorney and Declaration of Representative, must be attached," and the taxpayer "must sign Form 2848 and authorize the representative to act on [the taxpayer's] behalf for the purposes of the request." ECF No. 64-2 at 129.

2.   Plaintiff's Claims for Refund Were Not "Duly Filed"

Plaintiff's claims for refund turn on whether plaintiff complied with the regulations discussed above. Defendant argues that plaintiff fails to state a claim upon which relief can be granted because plaintiff's refund claims were neither signed by plaintiff nor accompanied by a power of attorney clearly authorizing Mr. Sheldon to sign

11

the refund claims.[10]  See ECF No. 64 at 18-19, 33 n.18.  In addition, defendant argues, even if plaintiff's refund claims were accompanied by the June 2, 2015 or the July 9, 2015 Forms 2848 that plaintiff submitted to the CAF system, those Forms 2848 did not clearly give Mr. Sheldon the authority to sign refund claims on plaintiff's behalf.  Id.; ECF No. 67 at 7-10.

Plaintiff contends that it "substantially complied" with the regulatory requirements "with respect to 'powers of attorney' authorizing Attorney Sheldon to sign the Forms 843, as well as those for signing and submitting of Forms 843 themselves."  ECF No. 65 at 12.  Plaintiff acknowledges that no Forms 2848 or other powers of attorney were attached to its Form 843 claims for refund.  See id. at 6-7 (stating that "[n]o other documents," including Forms 2848, "were included in the submission package.").  Plaintiff argues, however, that its June 2, 2015 and July 9, 2015 Forms 2848, on file with the IRS at the time plaintiff submitted its refund claims, were sufficient to comply with the applicable regulations, even though those forms were not physically attached to the refund claims.[11]  See id. at 6, 24 (arguing that a "copy" of "Form 2848 or a power of attorney" must "accompany the Form 843" only "if the power of attorney is not on file with the IRS").  In addition, plaintiff contends that the "broad language" in the June 2, 2015 and July 9, 2015 Forms 2848 authorized Mr. Sheldon "to perform any and all acts with respect to [plaintiff's] employment taxes for all 2014 and 2015 periods, including penalties payments and interest related thereto."  Id. at 15.  According to plaintiff, this authorization includes filing and signing claims for refunds of penalties using Form 843.  See id. at 15, 17 (arguing that the "plain language of Form 2848 . . . clearly provides for a general power of attorney that includes authority to sign documents on behalf of taxpayers, and that authority . . . extends to Forms 843").

After careful consideration of the parties' submissions, the court agrees with defendant that plaintiff failed to comply with the applicable regulations, and therefore failed to "duly file" its refund claims.  Plaintiff did not sign its refund claims under

---

[10]     In its motion to dismiss, defendant also argues, see ECF No. 64 at 13 n.6, and plaintiff does not dispute, see ECF No. 65 at 7 n.10, that because the penalty assessments related to plaintiff's Forms 941 for the tax quarters ending September 30, 2014, and December 31, 2014, have been fully abated by the IRS, plaintiff's claims for refund of those penalties are no longer at issue and should be dismissed.  Because the court dismisses plaintiff's entire complaint as discussed below, the court does not address this basis for dismissal.

[11]     Defendant, in a footnote and without an accompanying citation, states that "[p]laintiff offers no support for its contention that the Forms 2848 it relies upon were recorded on the IRS's CAF system (nor has defendant located any documentation confirming that assertion)."  ECF No. 67 at 19 n.9.  Because the court determines below that plaintiff was required to attach a Form 2848 or other power of attorney to its refund claims to "duly file" those claims, the court does not address this contention.

penalties of perjury, as required by 26 C.F.R. § 301.6402-2(b)(1).  See ECF No. 64-2 at 75-80.  Instead, Mr. Sheldon, purportedly acting as plaintiff's representative, signed the claims on plaintiff's behalf.  Id.  Under 26 C.F.R. § 301.6402-2(e), a valid power of attorney must "accompany" a refund claim executed by a representative on behalf of a taxpayer.  Plaintiff failed to attach to its refund claims any power of attorney forms, and therefore failed to comply with this regulation.[12]

Plaintiff argues that the June 2, 2015 and July 9, 2015 Forms 2848 on file with the IRS satisfy this requirement.  See ECF No. 65 at 5-6 (describing the forms), 23 (noting that plaintiff relies "on the fact the powers of attorney were on file with the IRS CAF rather than physically attaching a copy to Forms 843").  Yet, the Federal Circuit and this court have interpreted this regulation to require that evidence of a valid power of attorney be attached to a refund claim.  See Brown, 22 F.4th at 1011 (noting that a representative may sign a refund claim "when a legal representative certifies the claim and attaches evidence of a valid power of attorney" (quoting Gregory, 149 Fed. Cl. at 723)); Gregory, 149 Fed. Cl. at 723 ("[T]he Form 2848 was not physically attached to the amended return as required by [26 C.F.R.] § 301.6402-2(e)."); Dixon, 147 Fed. Cl. at 475 ("Any return or refund claim submitted by a fiduciary, however, must have attached a valid power of attorney, such as a Form 2848."); Hall, 148 Fed. Cl. at 377 ("The only exception to this requirement is when a legal representative certifies the claim and attaches evidence of a valid power of attorney.").

This interpretation is supported by the plain language of the regulation requiring that a power of attorney "accompany" a refund claim.  26 C.F.R. § 301.6402-2(e); see Roberto v. Dep't of the Navy, 440 F.3d 1341, 1350 (Fed. Cir. 2006) ("When construing a regulation or statute, it is appropriate first to examine the regulatory language itself to determine its plain meaning . . . [and] if the regulatory language is clear and unambiguous, the inquiry ends with the plain meaning.").  Webster's Third New International Dictionary defines "accompany" to mean "to exist or occur in conjunction or association with," as in the phrase "the text which accompanies these pictures."

---

[12] For this reason, this case is distinguishable from Warnement v. United States, No. 21-2165T, where this court on February 8, 2023 denied defendant's motion to dismiss a penalties refund suit.  See id., ECF No. 34 at 1 (order denying motion to dismiss and denying as moot motion for discovery); id., ECF No. 36 at 91-95 (February 8, 2023 oral argument transcript).  As in this case, defendant in Warnement argued that the plaintiff had failed to "duly file" his Form 843 refund claims.  See id., ECF No. 12 at 11 (motion to dismiss).  In contrast to this case, however, the plaintiff in Warnement had attached a Form 2848 to each of his Form 843 claims for refund.  See id., ECF No. 12 at 14 ("Each of the Form 843 refund claims was accompanied by a Form 2848."); id., ECF No. 17 at 3 (supplemental brief clarifying that the Form 2848 was properly signed by the plaintiff).  The court in Warnement held that the attached Form 2848 in that case broadly authorized the plaintiff's attorney to sign Form 843 claims for refund.  See id., ECF No. 36 at 91-95.

Accompany, Webster's Third New Int'l Dictionary (2002). Similarly, the New Oxford American Dictionary defines accompany as "to be present or occur at the same time as (something else)" as in the phrase "the accompanying documentation." Accompany, New Oxford Am. Dictionary (3d ed. 2010).

These definitions, consistent with the Federal Circuit's and this court's precedent, indicate that a valid power of attorney must be submitted together with a refund claim under 26 C.F.R. § 301.6402-2(e) in order for a representative to sign and verify a refund claim on a taxpayer's behalf. Thus, in order for its refund claims to be "duly filed," plaintiff should have submitted with its refund claims a valid Form 2848 or other power of attorney document, but did not. 26 C.F.R. § 301.6402-2(e); see Brown, 22 F.4th at 1012 (holding that the plaintiffs did not "duly file" their refund claims because the plaintiffs "neither signed their refund claims nor tendered powers of attorney to permit their tax preparer to sign claims on their behalf"); Gregory, 149 Fed. Cl. at 723 (holding that where a plaintiff's Form 2848 was not attached to the tax return, the refund claim was not "duly filed"); Dixon, 147 Fed. Cl. at 475 (dismissing a refund suit because the tax return preparer signed the amended returns on the line designated for the taxpayer but failed to submit a power of attorney with the amended return).

In sum, plaintiff's refund claims did not comply with the IRS's requirements that every refund claim be signed under penalties of perjury by either the taxpayer or the taxpayer's agent authorized by a valid power of attorney that accompanies the refund claim to which it applies. Plaintiff's claims for refund, therefore, were not "duly filed" in accordance with 26 U.S.C. § 7422(a).

### 3. The Signature and Verification Requirements Cannot Be Waived

Plaintiff also argues that even if its refund claims were not "duly filed," the IRS waived its ability to object to the failure to comply with the applicable regulations when the IRS rejected plaintiff's refund claims on the merits. See ECF No. 65 at 26-27. The court disagrees.

In Angelus Milling Co. v. Commissioner, 325 U.S. 293, 296-97 (1945), the Supreme Court held that the IRS cannot waive "explicit statutory requirements," but may choose to waive regulatory requirements. The IRS may waive regulatory compliance by "investigat[ing] the merits of a claim and tak[ing] action upon it." Id. at 297. The Federal Circuit has held that the Angelus Milling waiver doctrine applies to regulatory requirements when "(1) there is clear evidence that the Commissioner understood the claim that was made, even though there was a departure in form in the submission, (2) it is unmistakable that the Commissioner dispensed with the formal requirements and examined the claim, and (3) the Commissioner took action upon the claim." Brown, 22 F.4th at 1013 (citing Angelus Milling, 325 U.S. at 297-98).

Plaintiff argues that the signature requirements for Form 843 claims for refund are not statutory and may be waived. See ECF No. 65 at 28 (arguing that "unlike Brown, which involved statutory requirements applicable to tax returns, no such statutory requirements exist here"). Plaintiff further contends that the Angelus Milling waiver doctrine applies here because the IRS adjudicated plaintiff's Form 843 refund claims on the merits. See ECF No. 65 at 26-28. According to plaintiff, in doing so, "the IRS reviewed the Forms 843 in detail and . . . knew or should have known whether the Forms 843 were in compliance with any applicable rules or regulations." Id. at 27. Therefore, plaintiff contends, the IRS has waived any objection as to any non-compliance by plaintiff. See id.; see also ECF No. 71 at 12-15.

Defendant argues that waiver does not apply here "because the taxpayer signature and verification requirements are statutory." ECF No. 67 at 15. Even if the requirements were regulatory and thus waivable, defendant contends that because there "is no 'unmistakable' evidence that the IRS was aware that [Mr.] Sheldon was not authorized to sign the refund claims on plaintiff's behalf," the signature and verification requirements have not been waived. Id. at 18.

The court agrees with defendant that the signature and verification requirements for Form 843 claims for refund are statutory. The Internal Revenue Code addresses signature requirements in 26 U.S.C. § 6061 and 26 U.S.C. § 6065. Under 26 U.S.C. § 6061(a), "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." (emphasis added). Under 26 U.S.C. § 6065, "[e]xcept as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." (emphasis added).

In Brown, the Federal Circuit held that a claim for refund made on an amended income tax return "triggers these statutory commands because it is simultaneously a 'return' and a 'document required to be made . . . under the internal revenue laws or regulations.'" 22 F.4th at 1012. "Sections 6061(a) and 6065 thus impose a default rule that individual taxpayers must personally sign and verify their income tax refund claims." Id. The Federal Circuit also held that 26 U.S.C. §§ 6061's and 6065's "implementing regulations" require that "taxpayers . . . execute their own refund claims" and that "the person who signs a return or other document must verify it." Id. at 1013 (citing inter alia 26 C.F.R. § 301.6402). Therefore, the Federal Circuit concluded that "the taxpayer signature and verification requirements" for refund claims made on income tax returns "derive from statute" and cannot be waived. Id.

As plaintiff points out, plaintiff's refund claims were not made through the filing

of amended income tax returns, as was the case in Brown.  See ECF No. 71 at 1-2, 12-15.  The court concludes, however, that the reasoning in Brown applies equally to claims for refund of penalties made on Form 843.  A Form 843 refund claim is a "document required to be made" under a "provision of the internal revenue laws or regulations."  26 U.S.C. §§ 6061, 6065.  Section 7422(a) of Title 26 requires that taxpayers, before filing suit, file a claim for refund with the IRS in accordance with the applicable regulations.  In addition, 26 C.F.R. § 301.6402-2(a)(1) requires that a claim for refund be "filed by the taxpayer," and 26 C.F.R. § 301.6402-2(c) provides that "[a]ll claims by taxpayers for the refund of . . . penalties . . . that are not otherwise provided for"—like the penalties at issue here—"must be made on Form 843."  Claims for refund on Form 843 are therefore "documents required to be made" under "internal revenue laws or regulations" and "trigger the[] statutory commands" of 26 U.S.C. §§ 6061(a) and 6065.  Brown, 22 F.4th at 1012.

In addition, as in Brown, the regulations applicable to refund claims "echo the statutory default rule," 22 F.4th at 1013, that a "document required to be made . . . contain or be verified by a written declaration that it is made under the penalties of perjury," 26 U.S.C. § 6065.  Under 26 C.F.R. § 301.6402-2(b)(1), claims for refund must be signed under penalty of perjury, and any claim for refund not so verified "will not be considered for any purpose as a claim for refund."  Although the regulations create an exception to this default rule by allowing a taxpayer to designate an agent to sign a refund claim, 26 C.F.R. § 301.6402-2(e), these regulations, as in Brown, "presumptively require individual taxpayers to execute their own refund claims," 22 F.4th at 1013, and provide that the claims are invalid if they do not, 26 C.F.R. § 301.6402-2(b)(1).  The court therefore concludes that the signature and verification requirements for the Form 843 claims for refund in this case derive from the statutory requirements in §§ 6061(a) and 6065 and cannot be waived.

Plaintiff's arguments to the contrary are without merit.  Plaintiff argues that Form 843 refund claims cannot be "documents required to be made" under 26 U.S.C. §§ 6061(a) and 6065 because such an "expansive[ ]" interpretation would "include any document required to be used by the IRS to accomplish something."  ECF No. 71 at 13.  The court disagrees.  Contrary to plaintiff's argument, §§ 6061 and 6065 cannot be read to apply to every document processed by the IRS.  As noted in Brown, § 6061 "gives the Secretary the authority to prescribe how individual taxpayers may satisfy the statute's requirement," and "§ 6065 gives the Secretary discretion to suspend the verification requirement."  22 F.4th at 1013.  Thus, as defendant points out, not every document submitted to the IRS is "signed under penalties of perjury."  ECF No. 67 at 9 (explaining that "an agreement, consent, or waiver" related to tax matters is not "signed under penalties of perjury").  The implementing regulations for refund claims do, however, reflect the "default rule" in §§ 6061(a) and 6065 that claims for refund be signed and verified by the taxpayer.  Brown, 22 F.4th at 1013.  In such a case, "a taxpayer must

16

satisfy the statutory default rule or else comply strictly with the implementing regulations. If they do neither, the document is effectively unsigned and unverified under §§ 6061(a) and 6065 and the taxpayer has not 'duly filed' the refund claim." Id.

For these reasons, the court concludes that the requirements that a taxpayer sign and verify under penalty of perjury a Form 843 claim for refund derive from statute, and the IRS cannot waive those requirements. Plaintiff did not sign its claims for refund or attach a valid power of attorney to its refund claims authorizing a representative to sign the claims. Plaintiff has therefore failed to comply with either the statutory default rule or the implementing regulations and has thus not "duly filed" its refund claims. See Brown, 22 F.4th at 1013. Because compliance with the law and regulations governing refund claims is required before plaintiff may bring a refund suit in this court, plaintiff has failed to state a claim upon which relief can be granted, and the court must dismiss plaintiff's complaint under RCFC 12(b)(6).

        C.      The Court Denies Plaintiff's Motion for Sanctions

The court finally turns to plaintiff's motion for sanctions. See ECF No. 66. Plaintiff contends in its motion that it is entitled to an award of attorneys' fees under 28 U.S.C. § 1927 based on defendant's "unreasonabl[e] multiplication of these proceedings by its filing of two separate motions to dismiss and failing to prosecute either of them to completion." Id. at 1, 10. Plaintiff seeks $58,025 in attorneys' fees. See id. at 1.

Defendant argues that plaintiff is not entitled to sanctions for three reasons. First, defendant contends that 28 U.S.C. § 1927 does not support plaintiff's motion. That statute provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Defendant argues that 28 U.S.C. § 1927 provides for sanctions against attorneys, not parties, and, even if the statute did apply to parties, it is not a waiver of sovereign immunity against the United States. See ECF No. 68 at 5, 7.

Second, defendant notes that 26 U.S.C. § 7430 does allow for attorneys' fees in refund cases such as this one. That statute provides that a "prevailing party" may be awarded "reasonable litigation costs," including "fees paid or incurred for the services of attorneys," in "any . . . court proceeding which is brought by or against the United States in connection with the . . . refund of any tax, interest, or penalty." Id. § 7430(a), (c)(1)(iii). Defendant contends, however, that plaintiff has not demonstrated, among other requirements, that it is a "prevailing party" eligible for an award under § 7430. See ECF No. 68 at 6, 8-10.

17

Third, defendant argues that even if the court were to decide to award attorneys' fees in this case, plaintiff's request is "excessive and unsubstantiated." Id. at 10-11.

The court concludes that plaintiff's motion for sanctions lacks merit. Plaintiff has failed to articulate any basis for its motion. Plaintiff seeks sanctions under 28 U.S.C. § 1927, which applies to "[a]ny attorney or other person . . . who multiplies the proceedings in any case unreasonably and vexatiously." Yet, plaintiff's motion does not seek sanctions against an attorney or a person. Instead, plaintiff seeks sanctions against the United States as a party. See ECF No. 66 at 1. This court has held, however, that § 1927 "is not a waiver of sovereign immunity" against the United States. Cockerham, 140 Fed. Cl. at 127 (citing In re Graham, 981 F.2d 1135, 1140 (10th Cir. 1992) ("Even if we were to read the statute as encompassing awards against the party. . . we would still require some independent waiver of sovereign immunity in order to apply it against the United States.") (internal citations omitted); Alexander v. FBI, 541 F. Supp. 2d 274, 300-01 (D.D.C. 2008) (holding that sanctions under § 1927 cannot be made against the United States because such sanctions are only available against attorneys, not parties)).

Defendant acknowledges that 26 U.S.C. § 7430 could govern an award for attorneys' fees in this case, but among other requirements, § 7430 directs that plaintiff demonstrate that it is a "prevailing party." Id. § 7430(c)(4). Plaintiff, however, has not in its motion for sanctions demonstrated that it has prevailed with respect to any issues in this case, such that it is entitled to an award of attorneys' fees under § 7430.

In its reply, plaintiff does not attempt to address the above issues raised by defendant or to ground its motion for sanctions in any other statute or rule of this court. See ECF No. 74 at 3. Instead, plaintiff "leave[s] to the [c]ourt the propriety of sanctions and under which Section or Rule such sanctions are permissible." Id. Because plaintiff as the moving party has failed to articulate any grounds that would entitle it to sanctions, the motion for sanctions is denied. Cf. K-Con Bldg. Sys., 106 Fed. Cl. at 664 ("The party seeking the sanction bears the burden of establishing that the prerequisites to the imposition of sanctions have been satisfied.").

IV.   Conclusion

Accordingly, for the foregoing reasons:

(1)   Defendant's motion to dismiss, ECF No. 64, is **DENIED in part**, as to defendant's request for dismissal under RCFC 12(b)(1), and **GRANTED in part**, as to defendant's request for dismissal under RCFC 12(b)(6);

(2)   Plaintiff's motion for sanctions, ECF No. 66, is **DENIED**; and

(3)  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint under RCFC 12(b)(6), in favor of defendant, with prejudice.

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith
                                                PATRICIA E. CAMPBELL-SMITH
                                                Judge